**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ISHMAEL GANGOO,** | : |
| **Plaintiff** | : CIVIL ACTION NO. 3:17-227 |
| v. | : (JUDGE MANNION) |
| **FEDERAL HOME LOAN MORTGAGE CORPORATION,** | : |
| **Defendant** | : |

**MEMORANDUM**

On February 7, 2017, plaintiff Ishmael Gangoo, "a foreign representative for the United States Social Security Administration," filed *pro se* a notice of removal regarding a 2015 Pike County Court of Common Pleas mortgage foreclosure action and a 2016 ejectment action, Case No. 154-2016, filed against him by defendant Federal Home Loan Mortgage Corporation ("Freddie MAC").[1] (Doc. 1). Plaintiff paid the filing fee. Plaintiff also references his bankruptcy petition he filed on October 11, 2016, in Middle District Pennsylvania Bankruptcy Court, Case No. 5:16-bk-42314, which is a Chapter 13 case pending before Chief Bankruptcy Judge Robert Opel. In his notice of removal, plaintiff advises defendant that it must stay all proceedings in the Pike County Court case, including his February 13, 2017 eviction ordered in the case, as well as the February 10, 2017 Amended Order issued by the

---

[1]Gangoo styled himself as the defendant in his notice and Freddie MAC as the plaintiff since he is referring to the actions commenced against him in county court. However, for present purposes, the court has captioned Gangoo as the plaintiff and Freddie MAC as the defendant.

bankruptcy court lifting the automatic stay and allowing for his eviction. Plaintiff essentially alleges that the mortgage foreclosure action instituted against him in county court was "fraudulent" for a myriad of reasons and that the bankruptcy court's order was based upon "a falsified oath."[2]

Plaintiff indicates that his notice of removal is filed pursuant to 28 U.S.C. §1441(a), Article III, Section 2 of the U.S. Constitution as well as the Papal Bulls of Pope Nicholas V entitled "Inter Caetera, Dum Diversas, Rananus Pontifex."

Following his notice of removal, as indicated, the bankruptcy court issued an Amended Order on February 10, 2017 lifting the automatic stay and clearing the way for plaintiff's February 13, 2017 eviction. Thus, plaintiff filed an emergency motion for a temporary restraining order ("TRO") on February 10, 2017, (Doc. 2), along with a brief in support, (Doc. 4), seeking this federal court to prevent the Pike County Sheriff, on behalf of Freddie MAC, from

---

[2]The court notes that plaintiff did not style his action as an appeal under 28 U.S.C. §158(a)(1) of the bankruptcy court's February 10, 2017 Amended Order granting Freddie MAC relief from the automatic stay. Even if he did file this case as an appeal under §158(a), and even if the bankruptcy court's February 10, 2017 Order was a final order in his pending Chapter 13 case, this court would still find that it lacks jurisdiction under the *Rooker-Feldman* doctrine. *See* In re Burchill, 591 Fed.Appx. 176, 179 (3d Cir. 2015)(Third Circuit held that bankruptcy debtor's appeal to the district court of a bankruptcy court's decision granting Wells Fargo Bank relief from the stay was barred by the *Rooker-Feldman* doctrine since he was trying to collaterally attack a state-court judgment entered in the bank's ejectment action. The Third Circuit stated that "[the debtor's] attempt to thwart the foreclosure and eviction process by having the federal courts review adverse state-court judgments is improper.").

evicting him.

After reviewing plaintiff's filings, including his exhibits submitted with his notice of removal, (Doc. 1-3), the court issued an Order on February 10, 2017 denying plaintiff's emergency TRO motion. (Doc. 6). The court stated in its Order that an appropriate memorandum would be issued at a later date more fully explaining its rationale. This memorandum addresses the reasons why plaintiff's TRO motion was denied as well as why his case will be dismissed.

**I.     BACKGROUND**

On February 10, 2017, plaintiff filed his emergency TRO motion with this federal court in which he requested an injunction preventing the Pike County Sheriff from evicting him from his real property located at 104 Merlin Road, Greeley, Blooming Grove Township, Pike County, Pennsylvania and challenging a 2015 foreclosure sale of his property. (Doc. 2). In particular, (Doc. 1-3, pp. 1-8), plaintiff claims that he did not sign either the Wells Fargo Bank Home Loan Mortgage, which was dated December 24, 2011 and recorded in the Pike County Recorder of Deeds on January 5, 2012, (Doc. 1-3, Ex. C), or the December 30, 2011 Note, (Doc. 1-3, Exs. D & E), in the amount of $82,852.42, ostensibly to refinance his Pike County property.[3]

---

[3]Plaintiff indicates that Freddie MAC is a "derivative made up entity" which obtained the order from the bankruptcy court lifting the automatic stay and that Freddie MAC is not even a party to his action and "appears nonexistent."

Plaintiff contends that based on these loan documents with his forged signatures, Freddie MAC obtained a mortgage foreclosure judgment against him in Pike County Court in 2015 and, on February 10, 2017, the order lifting the automatic stay in the bankruptcy court. Plaintiff also states that Freddie MAC obtained a judgment of ejectment against him on October 5, 2016, based on fraudulent loan documents, after it filed a motion for summary judgment in the Pike County Court. (Doc. 1-3, Ex. B). The Pike County Court ordered that Gangoo be ejected from the above stated property within five days. Plaintiff also states that the Pike County Court's judgment of ejectment was entered by the Pike County Prothonotary in violation of the automatic bankruptcy stay, 11 U.S.C. §362, on October 14, 2016. However, the Pike County Court's ejectment Order was issued prior to the filing of Gangoo's Chapter 13 bankruptcy petition on October 11, 2016.

On October 27, 2016, Freddie MAC filed a motion for relief from the automatic stay in the bankruptcy court. A notice was issued indicating that Gangoo had until November 13, 2016 to file an objection/response to the motion. The notice also indicated that a hearing before the court was scheduled for December 15, 2016. (Doc. 1-3, Ex. G). The motion stated that Freddie MAC became the owner of the subject "premises as a result of the foreclosure and judicial sale by the Sheriff of Pike County, on November 18, 2015, as evidenced by the Sheriff's Deed recorded [on] December 21, 2015 in the Office of the Recorder of Pike County." The motion also stated that

Freddie MAC was seeking to institute eviction proceedings for the purpose of obtaining possession of the subject premises and noted that Gangoo had filed two bankruptcy cases, the first was a Chapter 7 case filed on March 18, 2014, No. 5:14-01193, in which he received a discharge on September 17, 2014, and the second was his instant Chapter 13 case filed on October 11, 2016. Freddie MAC filed the motion to obtain relief from the stay to allow it to enforce its ejectment rights and evict Gangoo from the property and, it indicated that the property was not part of the bankruptcy estate since Gangoo only had a possessory interest in the property as opposed to a legal interest.

On December 15, 2016, the bankruptcy court initially granted Freddie MAC relief from the automatic stay.[4] Plaintiff then states that the Pike County Court issued a writ of possession which was based upon a "void Judgment of

---

[4]The court notes that it obtained a copy of the docket for plaintiff's pending Chapter 13 case, 5:16-bk-4214, filed on October 11, 2016. (*See also* Doc. 1-3, Ex. A). The docket indicates that after a hearing on December 15, 2016, the bankruptcy court issued an order granting Freddie MAC's relief from stay motion and lifting the automatic stay. (*See also* Doc. 1-3, Ex. G). Plaintiff then filed objections to the order on January 13, 2017 and the court scheduled a status conference/hearing for February 9, 2017 regarding the objections. (*See also* Doc. 1-3, Ex. H). The bankruptcy court then held a hearing on February 9, 2017, and ordered that Freddie MAC submit an Amended Order for relief from the automatic stay setting forth the correct spelling of Gangoo's name. Freddie MAC then submitted an Amended Order. On February 10, 2017, the bankruptcy court issued the Amended Order granting Freddie MAC's motion for relief from the automatic stay. The court takes judicial notice of the bankruptcy court's docket for plaintiff's pending Chapter 13 case.

Ejectment and the fraudulent order for relief from automatic stay." Plaintiff alleges that the orders of the Pike County Court as well as the orders of the bankruptcy court were based upon fabricated loan documents, including the mortgage and the note.

Plaintiff indicates that Freddie MAC's attorneys, the law firm of Phelan Hallinan Diamond & Jones, LLP, were the bidders on his property and obtained a "knock down" of his property, "abrogating the auction and public bidding, thereby enabling the attorneys to take [his] property for nuisance value" despite the fact that the property had a fair market value of $132,000. Plaintiff states that the Freddie MAC's law firm had a winning bid of $1,297.57 for the property.

On November 18, 2015, the stated law firm sent a letter to the Pike County Sheriff requesting that the Sheriff assign the bid on the subject property, "which was knocked-down to the law firm [ ] as 'attorney-on-the-writ', to [Freddie MAC]" and to issue the Sheriff Deed which was enclosed. Plainitff states that the Pike County Sheriff then issued a Sheriff Deed on December 17, 2015 to "assign the bid" on the property to Freddie MAC's attorneys as "attorney-on-the-writ" on behalf of Freddie MAC. (Doc. 1-3, Ex. J). As such, plaintiff claims that Freddie MAC's attorneys "usurped the public auction, violating [his] due process rights, and obtained a secret private bid for their law firm, prepared their own deed, with the bid amount they chose, and told the Sheriff to sign off, which the Sheriff did." Consequently, plaintiff states that

6

due to the fraud of Freddie MAC 's attorneys, they have taken possession of his property, in which he had over $40,000 in equity, for about $1,300.00. Thus, plaintiff appears to claim that his constitutional rights under the Fourth and Fourteenth Amendments were violated by the taking of his property without due process.[5]

After the initial order granting Freddie MAC relief from the stay was issued, plaintiff filed objections to it and the bankruptcy court held a status conference on February 9, 2017. (Doc. 1-3, Ex. H). Plaintiff states that on February 9, 2017 the bankruptcy court issued an Order directing attorneys for Freddie MAC to correct the names on the December 15, 2016 Order granting Freddie MAC relief from the automatic stay and nullifying the Order lifting the stay until an Amended Order was issued. Plaintiff states despite the bankruptcy court's Order nullifying the relief from the automatic stay it previously granted Freddie MAC and despite his removal of the Pike County foreclosure case to this federal court, Pike County Sheriff Deputies advised him that he would be evicted from the subject property on February 13, 2017. Thus, plaintiff filed his emergency TRO motion with this court on February 10,

---

[5]"The seizure of property implicates two explicit textual sources of constitutional protection, the Fourth Amendment and the Fifth." U.S. v. James Daniel Good Real Prop., 510 U.S. 43, 50, 114 S.Ct. 492 (1993) (the court noted that the Fourth Amendment applied to the seizure of a four-acre parcel of land with a house); Soldal v. Cook County, Illinois, 506 U.S. 56, 70, 113 S.Ct. 538 (1992) (court held that a "seizure ... occurs when 'there is some meaningful interference with an individual's possessory interests in that property'"). Plaintiff's claims under the Fourth Amendment are applicable to the actions of the state via the Fourteenth Amendment.

2017. (Doc. 2). As noted above, the bankruptcy court actually issued an Amended Order on February 10, 2017, granting Freddie MAC's motion for relief from the automatic stay.

On February 10, 2017, this court denied plaintiff's emergency TRO motion. (Doc. 6).

In his TRO motion and related documents, plaintiff challenges the decisions and orders of the Pike County Court and contends that they were largely based on the "serial fraudulent actions and claims" made by Freddie MAC and its attorneys. He argues that his alleged obligation to Freddie MAC in the mortgage foreclosure action was based on forged loan documents and that there was no legal authority to support Freddie MAC's summary judgment motion in the 2015 foreclosure action which the court granted and permitted Freddie MAC to foreclose on the "defective" mortgage which was not valid to secure his property. He also contends that the Pike County Court's judgment in the 2016 ejectment action was unlawful since it violated the automatic stay and since it was issued in favor and against entities who are not parties to the action.

Plaintiff also challenges the assignment of the alleged mortgage on his property from Wells Fargo Bank to Freddie MAC which he states was in December 2009, two years before the mortgage at issue was recorded.

## II.   STANDARDS

Under 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States." Thus, a defendant may remove from state court to federal court any civil case arising under federal law. *See* 28 U.S.C. §1441(b).

Upon a motion to remand a removed action, the removing party bears the burden of demonstrating that removal was proper. Scanlin v. Utica First Ins. Co., 426 F. Supp. 2d 243, 246 (M.D. Pa. 2006) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)). "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court." Id.

The notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading setting forth the claim for relief. 28 U.S.C. §1446(b). The court does not have discretion to extent this thirty (30) day period. Crawford v. Fargo, 341 F.Supp. 762, 763 (M.D. Fla. 1972), *citing* Peter Holding Co. v. Leroy Foods, Inc., 107 F.Supp. 56 (D.C.N.J. 1942).

Moreover, ruling on the removal of any action is the prerogative of the federal courts. Id. (citing Harrison v. St. Louis & S.F.R. Co., 232 U.S. 318, 329 (1914) ("as the right given to remove by the United States law is paramount, it results that it is also of the essence of the right to remove, that when an issue of whether a prayer for removal was rightfully asked arises, a Federal Question results which is determinable by the courts of the United States free

from limitation or interference arising from an exertion of state power")).

Injunctions may issue in only exceptional and extraordinary circumstances. Parent v. Whinston, 347 F. Supp. 471, 472 (E.D. Pa. 1972) (citing Miller v. Standard Nut Margarin Co., 284 U.S. 498 (1932)). The grant or denial of a motion for injunctive relief is within the sound discretion of the district judge. Kershner v. Mazurkiewicz, 670 F.2d 440, 443 (3d Cir. 1982) (citing Eli Lilly & Co. v. Premo Pharmaceutical Laboratories, Inc., 630 F.2d 120, 136 (3d Cir. 1978), *cert. denied*, 449 U.S. 1014 (1980). Injunctive relief is not granted as a matter of right. Id.

In order to obtain injunctive relief, the moving party must demonstrate: (1) the likelihood of success on the merits; (2) that the party will suffer irreparable harm by the denial of the injunction; (3) that granting the relief will not result in even greater harm to the other interested party; and (4) the public interest will not be adversely affected by the granting of relief. Ecri v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987); In Re Arthur Treacher's Franchise Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982). "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." Arthur Treacher's, 689 F.2d at 1143.

### III. DISCUSSION

As discussed above, the facts clearly necessitate this court to decline

the removal of this case from the Court of Common Pleas of Pike County in light of the plaintiff's failure to comply with the 30 day requirement of 28 U.S.C. 1446(b). Freddie MAC filed the mortgage foreclosure action in 2015 and the ejectment action in 2016 in Pike County Court. The Pike County Court issued its Order granting Freddie MAC's summary judgment motion for ejectment on October 5, 2016. (Doc. 1-3, Ex. B). In 2015, Freddie MAC obtained a mortgage foreclosure judgment against plaintiff in Pike County Court. The filing of the notice of removal by plaintiff in the instant case was on February 7, 2017. (Doc. 1). As mentioned above, a notice of removal had to be filed within thirty days of plaintiff's receipt of the initial pleading setting forth the claim for relief. It is clear that plaintiff has not met the removal requirement time limit. Accordingly, this court will remand the proceedings from the Pike County Court based on plaintiff's defective removal. *See* Jung Yun v. Bank of America, N.A., 2016 WL 7324554 (M.D.Pa. Dec. 16, 2016).

Moreover, plaintiff seeks injunctive relief in the form of an order barring his eviction from his Pike County property by the Sheriff. As stated, the eviction of plaintiff was allegedly scheduled for February 13, 2017.

The court finds that plaintiff has not shown a likelihood of success on the merits since he had adequate state court remedies to challenge the 2015 foreclosure judgment and the Writ of Ejectment issued on October 5, 2016 by the Pike County Court as well as the prior foreclosure sale of his property held in 2015. Plaintiff also had remedies in state court to challenge the Pike

County Sheriff's Deed dated December 17, 2015. (*See* Doc. 1-3, Ex. J). Plaintiff could have filed motions in state court to set aside the Sheriff's sale and to strike the Sheriff's Deed conveying his property to Freddie MAC. *See* Jung Yun, 2016 WL 7324554. He could have also appealed the foreclosure judgment entered by the county court as well as the order granting his ejectment entered on October 5, 2016 to the Pennsylvania Superior Court. Id.

Since plaintiff had available state court remedies to challenge the foreclosure sale of his property as well as his ejectment, by filing an appeal, he fails to state a Fourth Amendment due process claim. *See* Jung Yun, 2016 WL 7324554.

As discussed below, the court also finds it lacks subject matter jurisdiction over plaintiff's case and that Pennsylvania's claim preclusion doctrine bars his claims which further demonstrate that plaintiff does not have a likelihood of success on the merits.

Additionally, plaintiff has not shown immediate irreparable harm since monetary damages would be adequate to compensate him if, for some reason, the foreclosure sale of his property was invalidated.

Thus, plaintiff's motion for an emergency TRO, (Doc. 2), will be **DENIED**.

Additionally, the court finds it lacks subject matter jurisdiction over plaintiff's case that was removed from state court pursuant to 28 U.S.C. §1331. The court can raise *sua sponte* subject matter jurisdiction issues. *See*

Nesbit v. Gears Unlimited, Inc. 347 F.3d 72, 77 (3d Cir. 2003). Plaintiff's claims clearly relate to the foreclosure action Freddie MAC filed as well as the judgment entered against him and the order granting his ejectment issued by the Pike County Court. Essentially, he invites this court to conduct appellate review of the Orders, Writs and Judgment issued against him in the Pike County Court of Common Pleas. This court, a federal district court, does not have jurisdiction to review state court final actions under the *Rooker-Feldman* doctrine. *See* Jung Yun, 2016 WL 7324554. The court finds that the doctrine applies since plaintiff is seeking redress for injuries caused by the state court judgments and his claims stem directly from the Pike County Court's foreclosure judgment and judgment in the ejectment action. Thus, this court would have to determine that the Pike County Court's judgments were erroneously entered in order to grant plaintiff the relief he seeks and it would have to take an action that would negate these judgments.

The *Rooker-Feldman* doctrine "is a judicially-created doctrine that bars lower federal courts from reviewing certain state court actions." Goodson v. Maggi, 797 F.Supp.2d 587, 597 (W.D.Pa.2011). The doctrine arose in the wake of two Supreme Court Cases, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and stands for the proposition that

> a United States District Court has no subject matter jurisdiction to review final judgments of a state court, because only the Supreme Court has jurisdiction to review state court judgments under 28 U.S.C. §1257. *Goodson,* 797 F.Supp.2d at 597 (citing Feldman,

460 U.S. at 482). . . . "This doctrine applies even where the challenges to the state court judgment allege that the state court's action was unconstitutional, such as a deprivation of due process and equal protection rights." Goodson, 797 F.Supp.2d at 597 (citing Feldman, 460 U.S. at 485-86 (citation omitted)). Conklin v. Anthou, No. 1:10-CV-2501, 2012 WL 124989, at *2 (M.D. Pa. Jan. 17, 2012), aff'd, 495 F. Appx. 257 (3d Cir. 2012). There are four factors that must be satisfied for the *Rooker-Feldman* doctrine to apply:

> (1) the federal plaintiff lost in state court;
> (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments";
> (3) those judgments were rendered before the federal suit was filed; and
> (4) the plaintiff is inviting the district court to review and reject the state judgments.

Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

Here, the plaintiff complains about an adverse foreclosure judgment from state court, as well as the Writ of Ejectment, the Sheriff's sale of his property, and his ejectment from the property. Next, the motion for an emergency injunction clearly qualifies as a complaint about the potential "irreparable" injury that the state court decisions and orders will cause. The Sheriff's Deed was dated December 17, 2015 transferring the property to Freedie MAC and the Writ of Ejectment regarding the foreclosure judgment Freddie MAC obtained against plaintiff was issued on October 5, 2016 by the Pike County Court. Plainitff claims that these state court proceedings were all

14

invalid. All the requirements for the *Rooker-Feldman* doctrine are satisfied, and this court, therefore, does not have subject-matter jurisdiction over the plaintiff's claims. *See* Kawh v. PHH Mortgage Corp., 2016 WL 7163086 (E.D.Pa. Feb. 2, 2016) ("[The court] may not revisit the state court determinations underlying Plaintiff's instant Complaint nor may [it] interfere with Plaintiff's pending state court appeals.")(citing Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192-93 (3d Cir. 2006) ("[I]f a plaintiff's claim in federal court is inextricably intertwined with a previous state court adjudication, the district court lacks jurisdiction over the claim even if it was not raised in the state court."); Moncrief v. Chase Manhattan Mortgage Corp., 275 Fed.Appx. 149, 153 (3d Cir. 2008) ("[T]o the extent that [Plaintiff] seeks to 'appeal from' the state court's foreclosure judgment, the District Court correctly dismissed the claim under Rooker-Feldman."); Reiter v. Washington Mut. Bank, 2011 WL 2670949 (E.D.Pa. July 5, 2011), *aff'd* 455 Fed.Appx. 188 (3d Cir. 2011)("The Rooker–Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'")(citations omitted); Jung Yun, 2016 WL 7324554.

To the extent plaintiff is also deemed as seeking to relitigate the foreclosure action instituted against him in Pike County Court by Freddie MAC alleging, in part, that the mortgage and note were not signed by him and that the orders of the Pike County Court were based upon fabricated loan

documents, and that the assignment by Wells Fargo Bank to Freddie MAC was improper, these claims are not barred by *Rooker-Feldman* but they are prohibited by Pennsylvania's preclusion doctrine. *See* Moncrief, 275 Fed.Appx. at 153. "Federal courts are required to give state court judgments the same preclusive effect that the issuing state courts would give them." Id. (citation omitted); Easley v. New Century Mortg. Corp., 394 Fed.Appx. 946, 948 (3d Cir. 2010)("In Pennsylvania, res judicata bars 'claims that were or *could have been raised*'")(citation omitted)(emphasis original). In Easley,394 Fed.Appx. at 948, the Third Circuit held that plaintiff's claim was "based on allegations related to her mortgage, including events leading up to its execution, and events leading up to and including the foreclosure" and that it was barred under res judicata. As the Third Circuit stated in Moncrief, 275 Fed.Appx. at 153, Pennsylvania's claim preclusion is:

> a doctrine by which a former adjudication bars a later action on all or part of the claim which was the subject of the first action. Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action. [Claim preclusion] applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action. (citation omitted).

As in *Moncrief*, Gangoo's claims regarding the legality of the Pike County foreclosure, as detailed above, "are predicated on the same underlying transaction (the mortgage agreement) that was the basis of the foreclosure action" as well as the ejectment action. Id. (citation omitted). Further, "[e]ven if [Gangoo] had no reason to know of facts underlying a fraud

16

claim before the foreclosure action was commenced, the foreclosure action itself would have put [him] on notice that something was amiss with [his] mortgage." Id. (citing Pa.R.Civ.P. 1147). Thus, Gangoo's claim that the foreclosure was illegal, as specified above, "is precluded because it is based on the same transaction as the foreclosure action, and [he] could have raised it in that action." Id. at 154(citation omitted). Gangoo is also precluded under res judicata from raising his stated claims since he could have raised them in the bankruptcy proceeding. Easley,394 Fed.Appx. at 949.

Additionally, Gangoo's claim that the assignment of the mortgage and note to Freddie MAC were not proper "is also precluded because [he] could have raised this issue as a defense to, or 'new matter' in, the foreclosure action." Moncrief, 275 Fed.Appx. at 154.

Moreover, the Anti-Injunction Act, 28 U.S.C. §2283, also applies and precludes the court from granting injunctive relief in this case. *See* Jung Yun, 2016 WL 7324554. The Anti-Injunction Act deprives federal district courts the ability to "grant an injunction to stay proceedings in a State court." §2283. There are three narrow exceptions that allow a federal court to grant equitable relief, but the court finds that all three are inapplicable to the present case. *See Reiter, supra*. Because the court lacks jurisdiction to hear the plaintiff's claims and also lacks authority to grant the relief that the plaintiff requests, this case must be dismissed.

Therefore, the plaintiff's motion for an emergency TRO, (Doc. 2), will be

denied and the plaintiff's action, (Doc. 1), will be dismissed because the court lacks jurisdiction and authority to provide relief. An appropriate order shall follow.[6]

## IV.  CONCLUSION

In light of the above, the plaintiff's motion for an emergency TRO, (Doc. 2), is **DENIED**. Plaintiff's case, (Doc. 1), is **DISMISSED** for lack of subject matter jurisdiction and since it is barred by Pennsylvania's preclusion doctrine. An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: February 21, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-227-01.wpd

---

[6]The court notes that even though it issued an Order on February 10, 2017 denying plaintiff's TRO motion, (Doc. 6), it will issue another Order with this Memorandum since plaintiff's case is now also being dismissed.